**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARJORIE DAVIES and** | : | |
| **WAYNE DAVIES,** | | |
| | : | |
| **Plaintiffs** | | **CIVIL ACTION NO. 3:14-1711** |
| | : | |
| **v.** | | |
| | : | **(JUDGE MANNION)** |
| **GREEN TREE SERVICING, LLC,** | | |
| | : | |
| **Defendant** | | |
| | : | |

**MEMORANDUM**

Presently before the court is the defendant's motion to compel arbitration and stay proceedings pending completion of arbitration. (Doc. 43). Also, pending is the plaintiffs' motion for leave to file a second amended complaint. (Doc. 58). Based upon the court's review of the defendant's motion to compel arbitration and stay, and the materials related thereto, the defendant's motion will be granted. The plaintiffs' motion to file a second amended complaint will be dismissed without prejudice.


**I.     PROCEDURAL BACKGROUND**

By way of relevant background, on August 4, 2014, the plaintiffs Marjorie and Wayne Davies ("the Davies") brought the instant action against defendants Green Tree Servicing, LLC ("Green Tree") and Assurant, Inc., in the Court of Common Pleas of Wyoming County, Pennsylvania. Assurant timely removed this case to federal court pursuant to 28 U.S.C. §1331 and

§1441(a). (Doc. 1).

The complaint alleged that Green Tree was liable for unfair collection of a debt arising from a residential mortgage loan under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq*. The complaint further alleged that defendants jointly conspired and caused injuries as a result of lender-placed insurance. The complaint stated that defendants "derive improper financial benefits by imposing [lender]-placed hazard insurance policies on properties ...." The Davies also asserted several state law claims against defendants.

On October 7, 2014, the Davies filed an amended complaint to add putative class action allegations and to add American Security Insurance Company ("ASIC") as a defendant, and to dismiss Assurant, Inc.. Green Tree remained a defendant. (Doc. 33).  The amended complaint basically alleges that the Davies entered into a home loan agreement with Green Tree's predecessor by merger. The Davies later defaulted on their contract and Green Tree commenced foreclosure proceedings. The Davies then filed the instant action challenging Green Tree's purchase of lender-placed insurance ("LPI") on their account.

On October 30, 2014, Green Tree filed a motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq*., and the written arbitration agreement entered into between the Davies and Green Tree. Green Tree also moved to stay the proceedings in this court until the

arbitration was completed. (Doc. 43). Green Tree's motion was briefed. (Doc. 44, Doc. 47, Doc. 53, Doc. 60).

On February 11, 2015, defendant ASIC was dismissed from this case. (Doc. 56). Also, the Davies withdrew their putative class action allegations.

On April 22, 2015, the Davies filed a motion for leave of court to file a second amended complaint with the proposed pleading attached. (Doc. 58, Doc. 58-1). The Davies seek to eliminate their lender-placed insurance claims after 2006 as against the sole defendant Green Tree. The motion was untimely under the court's Scheduling Order directing amended pleadings to be filed by December 1, 2014, (Doc. 38), and the Davies failed to file a brief in support of their motion as required by Local Rule 7.5, M.D.Pa. In addition, the Davies did not attach a redline version highlighting the changes between the amended complaint and the proposed second amended complaint as required by Local Rule 15.1. Green Tree filed a brief in opposition to the Davies' motion on April 30, 2015. (Doc. 59). The Davies then filed a reply brief on May 14, 2015, in support of their motion with an attached redline version of their proposed second amended complaint as Exhibit A. (Doc. 61, Doc. 61-1).

## II.    FACTUAL BACKGROUND[1]

In 2001, the Davies obtained a home loan secured by their real property in Factoryville, Pennsylvania. Green Tree serviced the Davies' loan since it originated and continues to service the loan at the present time. The agreement between the parties' requires the Davies to maintain adequate insurance coverage on their property. If the Davies do not have such coverage, Green Tree can obtain LPI from an insurer of its choice to protect its interest in the property. The loan's promissory note includes an arbitration clause mandating arbitration of any dispute that may arise out of or relate to the parties' agreement. Specifically, the promissory note provides:

> All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of the arbitration clause or the entire Agreement, shall be resolved by binding arbitration before one arbitrator selected by Lender with Borrower's consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction.  The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY LENDER (AS PROVIDED HEREIN)**. The

---

[1]The facts are largely derived from the Davies' amended complaint and are taken as true for present purposes.

parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement. Borrower agrees that Borrower shall not have the right to participate as a representative or a member of any class or claimants pertaining to any claim arising from or relating to this Agreement. The parties agree and understand that the arbitrator shall have all powers provided by law and the Agreement. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto the contrary, Lender retains an option to use judicial or non- judicial relief to enforce the security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute the waiver of the right by any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Agreement, including the filing of a counterclaim in a suit brought by Lender pursuant to this provision.

(Doc. 33, Ex. A, ¶ 9, Doc. 47-1) (emphasis original).

The Davies alleged that Green Tree and ASIC derived improper financial benefits by imposing force-placed hazard insurance policies on properties, some of which were already covered by homeowners insurance policies they purchased. Additionally, the Davies averred that Green Tree was charging consumers for the cost of procuring force-placed insurance from ASIC, and that a portion of such cost was returned, transferred, or paid to Green Tree and/or its related entities, *i.e.*, an alleged "kickback" payment.

Green Tree states that it obtained a LPI policy from ASIC for the Davies'

property in August of 2006, since it believed that the Davies failed to maintain adequate insurance coverage, but the policy was cancelled after the Davies showed they had coverage. The LPI charges were removed from the Davies' account. Green Tree notified the Davies on a few other occasions that it did not have proof of adequate insurance coverage on their property. However, no other LPI was purchased by Green Tree since the Davies provided proof of coverage on the other occasions. Green Tree represents that all LPI charges assessed to the Davies' account have been reversed, and that the Davies never paid Green Tree for any LPI premiums.

## III.   DISCUSSION

In response to the Davies' amended complaint, Green Tree has filed the instant motion to compel arbitration and stay this case, arguing that the loan documents  specifically contain a valid arbitration clause. Green Tree argues that the Davies' claims are within the scope of the arbitration cause. Therefore, Green Tree seeks the court to grant its motion to compel arbitration and to stay these proceedings pending the conclusion of the arbitration.

In considering Green Tree's motion to compel arbitration, both Federal and Pennsylvania state law strongly favor the enforcement of arbitration

provisions.[2] *See* Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) ("It is well established that the FAA reflects a 'strong federal policy in favor of resolution of disputes through arbitration.'" (quoting Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 263 (3d Cir. 2003)); Dodds v. Pulte Home Corp., 909 A.2d 348, 351 (Pa.Super.Ct. 2006) ("It is hornbook law that Pennsylvania favors the enforceability of agreements to arbitrate." (citing Quiles v. Fin. Exch. Co., 897 A.2d 281, 285 (Pa.Super.Ct. 2005)). Contracts with an arbitration clause are treated with a "presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986) (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)).

Applying either Federal or Pennsylvania state law, courts conduct the same two-part inquiry to determine the enforceability of arbitration provisions.

---

[2]Green Tree moves to compel arbitration pursuant to the FAA, and indicates that the FAA governs the enforceability of the arbitration provision in this case because the transaction at issue affects "interstate commerce." The court notes that the FAA and the Pennsylvania Uniform Arbitration Act determine the scope of arbitration provisions similarly. *See* State Farm Mut. Auto. Ins. Co. v. Coviello, 233 F.3d 710, 713 n.1 (3d Cir. 2000) ("[T]here is no meaningful difference between federal and Pennsylvania law when reviewing the scope of an arbitration clause.").

First, the court must determine whether "a valid agreement to arbitrate exists," and, second, whether "the particular dispute falls within the scope of the agreement."[3] Kirleis, 560 F.3d at 160; see also Messa v. State Farm Ins. Co., 641 A.2d 1167, 1168 (Pa.Super.Ct. 1994). "A party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration." Alexander, 341 F.3d at 263–64; see also 9 U.S.C. §§3, 4.

Green Tree argues that the Davies' claims are subject to mandatory arbitration, since the Davies' promissory note provides that all disputes between the parties are subject to arbitration under the FAA. Green Tree states that "[w]here the FAA applies and the parties have entered into a written agreement with an arbitration clause that encompasses the claims in dispute, the Court must compel arbitration and stay the action pending its completion." (Doc. 44, at 7).Green Tree states that "[t]he Davies' claims challenging Green Tree's purchase of LPI [from ASIC] thus fall within the arbitration clause's scope." (Id., at 16). Green Tree further asserts that:

> The arbitration clause also covers the claims at issue. The clause encompasses all claims arising out of or related to the Davies' home loan—whether they are based in tort, contract, or statute. The Davies' claims challenging Green Tree's purchase of LPI under the security instrument plainly arise out of and relate to the

---

[3]The Davies do not argue that the claims raised in their amended complaint are outside of the scope of the arbitration agreement, but only that the arbitration agreement is barred by the Dodd-Frank's Anti–Arbitration Provision.

> home loan and so are included within the arbitration clause's
> scope.

(Id., at 8). Green Tree also points out that the Third Circuit upheld a similar

arbitration clause against mutuality and unconscionability challenges 15 years

ago in Harris v. Green Tree Fin. Corp., 183 F.3d 173, 183 (3d Cir. 1999).

Thus, Green Tree concludes that "Courts have regularly held similar home

loans contracts affect interstate commerce and so are governed by the FAA."

(Id., at 14).

The court finds that the FAA does apply in this case since the Davies'

borrowing of money secured by their real property is a transaction that affects

interstate commerce sufficient for Congress to regulate it, and since the

parties' loan documents expressly provided that the FAA governs their

arbitration, *i.e*., they provide "all disputes, claims, or controversies arising from

or relating to this Agreement ...shall be resolved by binding arbitration …." As

such, the arbitration clause covers the Davies' claims challenging Green

Tree's assertion of its contractual right to purchase LPI if the Davies failed to

provide proof that they had sufficient insurance on their property securing their

loan.

The Davies have raised a defense to enforcement of the arbitration

agreement, namely, they contend that the Dodd-Frank Act's prohibition on

9

arbitration clauses in home loan agreements renders the clause unenforceable. The Davies contend that the arbitration clause is unenforceable under the Dodd-Frank Act, which provides that "[n]o residential mortgage loan and no extension of credit under an open end consumer credit plan secured by the principal dwelling of the consumer may include terms which require arbitration or any other nonjudicial procedure as the method for resolving any controversy or settling any claims arising out of the transaction." 15 U.S.C. §1639c(e)(1). The arbitration provision in this case is clearly part of a residential mortgage loan. Green Tree maintains that Dodd-Frank does not apply retroactively to the loan documents the Davies entered into in 2001, several years before the statute's enactment. Green Tree cites, in part, to Weller v. HSBC Mortgage Servs., Inc., 971 F. Supp. 2d 1072 (D.Colo. 2013). In Weller, 971 F. Supp.2d at 1078, the court found that, "Congress did not specifically articulate a clear intent to give section 1639c(e)(3) of the Dodd–Frank Act retroactive effect."

Thus, the issue is whether the Anti–Arbitration Provision of Dodd-Frank invalidates preexisting agreements requiring arbitration, *i.e.*, does the Dodd-Frank Act, 15 U.S.C. §1639c(e)(1), apply retroactively to the arbitration clause the parties agreed to several years before the statute's effective date of June 1, 2013.

Green Tree contends that regardless of whether the Anti-Arbitration

10

Provision covers the claims raised by the Davies, the provision does not apply retroactively to bar the enforcement of the arbitration agreement in the loan documents which were executed by the Davies several years before the passage of the Dodd-Frank Act. In the present case, since the Third Circuit has not yet decided the issue, the court can take guidance from how other courts are deciding the issue of whether the Anti–Arbitration Provisions of Dodd-Frank apply retroactively. The district court of New Jersey in Khazin v. TD Ameritrade Holding Corp., 2014 WL 940703 (D.N.J. Mar. 11, 2014), found that an Anti–Arbitration Provision of Dodd-Frank regarding whistleblower retaliation claims did not apply retroactively to preexisting arbitration agreements.[4] Green Tree correctly indicates that the majority of courts have

---

[4]In Khazin v. TD Ameritrade Holding Corp., 773 F.3d 488, 490 (3d Cir. 2014), the Third Circuit indicated that "[t]he Anti–Arbitration Provision [of the Dodd-Frank Act] states that "[n]o predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section." 18 U.S.C. §1514A(e)(2).The Third Circuit held that the Anti–Arbitration Provision did not forbid the arbitration of the whistleblower retaliation claim that Khazin had brought against TD, *i.e*., a private cause of action prohibiting an employer from retaliating against a whistleblower for providing information to the SEC, and that "Khazin's Dodd–Frank retaliation claim is not statutorily exempt from the arbitration agreement with TD." Id., at 495. Thus, the Third Circuit affirmed the district court's dismissal of the complaint and order compelling arbitration of Khazin's retaliation claim since Dodd-Frank did not prevent TD from enforcing the arbitration agreement with Khazin. However, the Third Circuit in Khazin, 773 F.3d at 495 n. 6, decided December 8, 2014, declined to express an opinion on whether the district court properly concluded that the Anti–Arbitration Provision of Dodd-Frank regarding a whistleblower retaliation claim did not invalidate preexisting
(continued...)

held that 15 U.S.C. §1639c does not apply retroactively to bar enforcement of arbitration agreements entered into before the statute took effect. In addition to Khazin v. TD Ameritrade Holding Corp., 2014 WL 940703, at *8, Green Tree cites to State ex rel. Ocwen Loan Servicing, LLC v. Webster, 232 W. Va. 341, 355, 752 S.E.2d 372, 386 (2013), Weller, 971 F. Supp. 2d at 1078, Blackwell v. Bank of Am. Corp., 2012 WL 1229673, at * 3-4 (D.S.C. Mar. 22, 2012), and Henderson, 2011 WL 3022535, at *4. *Compare* Pezza v. Investors Capital Corp., 767 F. Supp. 2d 225 (D. Mass. 2011) and Wong v. CKX, Inc., 890 F. Supp. 2d 411 (S.D.N.Y. 2012) (these cases held that an Anti–Arbitration Provision of Dodd-Frank regarding whistleblower protection claims applied retroactively to preexisting arbitration agreements).        In its notice of supplemental authority, (Doc. 60), Green Tree also relies upon the recent case of Richards v. Gibson, 2015 U.S. Dist. LEXIS 26325, 2015 WL 926594 (S.D.Miss. Mar. 4, 2015), in which the court held that 15 U.S.C. §1639c(e) became effective on June 1, 2013, and that this section should not be applied retroactively. (See Doc. 60-1).

This court concurs with the *Richards* Court and its through explanation and finds that §1639c(e) became effective on June 1, 2013. 2015 U.S. Dist. LEXIS 26325, *4-*5, 2015 WL 926594, *2. The home loan agreement in the present case and the arbitration provision were dated well before June 1,

---

[4](...continued)
arbitration agreements.

2013. This court concurs with the majority of the district courts which have considered the retroactivity issue and found that §1639c(e) should not be applied retroactively. There is no language contained in §1639c indicating that Congress intended it to apply retroactively to home loan agreements, like the Davies', executed prior to its effective date. *See* Webster, 232 W. Va. at 352, 752 S.E.2d at 383 ("the Dodd-Frank Act neither expressly [n]or impliedly states that 15 U.S.C. §1639c(e)(1) is to be given retroactive application ....").

As the court in *Richard*s, 2015 U.S. Dist. LEXIS 26325, *8-*9, 2015 WL 926594, *3, stated:

> [N]ot only is there a well-settled presumption against applying statutes retroactively, see Landgraf, 511 U.S. at 263-65, but also "arbitration is primarily a contractual matter governed by the law of contracts . . . ." See Weller, 971 F. Supp. 2d at 1079. Thus, the Court agrees with the numerous courts that "have concluded that the right to insist on arbitration is not just a matter of where the claims may be heard but a question of vested, contractual rights, which may not be retroactively withdrawn absent clear congressional intent to that effect[,]" which is lacking here. See id. "An arbitration agreement creates a right, one that under the [Federal Arbitration Act] is 'irrevocable.'" Id. (quoting 9 U.S.C. §2). Furthermore, the Supreme Court has explicitly stated that "courts must place arbitration agreements on an equal footing with other contracts, . . . and enforce them according to their terms . . . ." Concepcion, 131 S. Ct. at 1745; see also Weller, 971 F. Supp.2d at 1079. For all these reasons and those discussed previously, the Court finds that §1639c(e) does not apply retroactively.

Nor does the court find that §1639c(e) is jurisdictional as the Davies contend. As indicated, "arbitration is primarily a contractual matter governed by the law of contracts . . . ." *See* Richards 2015 U.S. Dist. LEXIS 26325, *8,

2015 WL 926594, *3 (quoting Weller, 971 F. Supp. 2d at 1079). Thus, similar to the *Richards* and *Weller* Courts, this court "agrees with the numerous courts that 'have concluded that the right to insist on arbitration is not just a matter of where the claims may be heard but a question of vested, contractual rights, which may not be retroactively withdrawn absent clear congressional intent to that effect[,]' which is lacking here." Id. (citing *Weller, supra*); *see also* Webster, 232 W. Va. at 355, 752 S.E.2d at 386 (the court found that retroactive application of the Dodd-Frank Act to bar enforcement of an arbitration agreement regarding a residential home mortgage would "improperly impair the parties fundamental right to contract."). This court finds the *Weller* and *Richards* cases more persuasive than the two cases upon which the Davies rely, namely, Pezza v. Investors Capital Corp., 767 F. Supp. 2d 225 (D. Mass. 2011), and Wong v. CKX, Inc., 890 F. Supp. 2d 411 (S.D.N.Y. 2012), which held that a provision of Dodd-Frank barring arbitration agreements with respect to whistleblower protection could be applied retroactively because it only affected jurisdictional rights and not substantive rights. *See* Weller, 971 F. Supp. 2d at 1079; Webster, 232 W. Va. at 352, 752 S.E.2d at 383. Contrary to *Pezza* and *Wong*, the district court in *Khazin* found that an Anti–Arbitration Provision of Dodd-Frank regarding whistleblower retaliation claims did not apply retroactively to preexisting arbitration agreements. In any event, the court agrees that "Section 1639c is not a jurisdictional statute. It does not affect the power of a court to hear disputes.

14

Instead, it affects the parties' rights and obligations by providing that parties to home loan agreements may no longer contract to have their disputes resolved in arbitration." (Doc. 53, at 6). Simply put, applying §1639c(e) retroactively to the home loan agreement which the Davies signed does not only affect the jurisdiction of where their claims may be presented, it also serves as a prohibition on the contractual rights of the Davies and Green Tree in which they knowingly agreed to arbitrate all of their disputes under the agreement, *i.e.*, it affects the parties' substantive rights.

The Davies' reliance on United Indus., Serv., Transp., Prof'l & Gov't Workers of N. Am. Seafarers Int'l Union ex rel. Bason v. Gov't of Virgin Islands, 767 F.3d 193, 204 (3d Cir. 2014), is misplaced. The Third Circuit stated that generally when interpreting a statute, it presumes that the statute does not apply retroactively. However, the court indicated that "the presumption against retroactivity does not apply to legislation that merely alters jurisdiction." Id. (citation omitted). In the *Virgin Islands* case, 767 F.3d at 204-09, the Third Circuit's appellate jurisdiction over the Virgin Islands Supreme Court was eliminated by a statute and it was held that the statute did not apply retroactively despite being jurisdictional. The Davies argue that §1639c is a jurisdictional statute and, based on the *Virgin Islands* case, the presumption against retroactivity does not apply to this section. The *Virgin Islands* case fails to support the Davies' contention that the presumption against retroactivity should not apply in the present case. The *Virgin Islands*

case did not pertain to the right to arbitrate, rather it dealt with a statute eliminating the Third Circuit's certiorari jurisdiction to review decisions of the Virgin Islands Supreme Court. Also, as discussed above, §1639c is not a jurisdictional statute.

The court further agrees with Green Tree that the Davies have failed to show that the arbitration clause is unenforceable because bilateral arbitration would be prohibitively expensive. (Doc. 47, at 5, Doc. 53, at 8). Green Tree correctly quotes the burden of proof as follows:

> "[W]here, as here, a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 92, 121 S. Ct. 513, 522, 148 L. Ed. 2d 373 (2000). "Failure to put forth evidence establishing that the high costs of arbitration will preclude a litigant from vindicating [his or her] statutory rights mandates a finding that allegations regarding costs are too speculative to justify invalidating an agreement to arbitrate." Brown v. Trueblue, Inc., No. 1:10-CV 0514, 2012 WL 1268644, at *7 (M.D.Pa. April 16, 2012).

(Doc. 53, at 8-9).

The Davies do not offer any evidence and merely speculate that "the costs to [them] would be prohibitive" and that they would not be able to afford the costs of arbitration regarding a dispute of a simple issue of whether Green Tree's placement of LPI on a single account was improper. (Doc. 47, at 6). Thus, the Davies have failed to meet their burden of showing the arbitration clause in their agreement is prohibitively expensive.

16

Finally, the Davies contend that the arbitration clause in their home loan agreement lacks mutuality and is unconscionable since it requires them to arbitrate all of their claims but preserves Green Tree's right to pursue remedies in court, including foreclosure, as well as self-help remedies. (Doc. 47, at 7-8). The Davies indicate that Green Tree has in fact sued them for foreclosure in state court and that the case has been stayed. As such, the Davies state that "[o]ne party's claims proceed in court while clearly related claims are arbitrated" and, that this shows the arbitration provision which Green Tree seeks to enforce particularly egregious and unconscionable with respect to them.

"Pennsylvania law, like federal law, favors the enforcement of arbitration agreements." Kaneff v. Delaware Title Loans, Inc., 587 F.3d 616, 624 (3d Cir. 2009) (citing Salley v. Option One Mortgage Corp., 592 Pa. 323, 925 A.2d 115, 119 n. 2 (2007)). "Both [Pennsylvania and federal law] require that arbitration agreements be enforced as written and allow an arbitration provision to be set aside only for generally recognized contract defenses, such as unconscionability." Id. (citations omitted). The court must determine whether Davies' agreement to arbitrate would be considered unconscionable under Pennsylvania law. Id.

The Davies' claim is one of substantive unconscionability. Substantive unconscionability "refers to contractual terms that are unreasonably or grossly favorable to one side and to which the disfavored party does not assent."

17

Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir. 1999). Since the substantive unconscionability defense raised by the Davies to avoid arbitration based on lack of mutuality with respect to their ability to pursue remedies in court is specific to the arbitration clause as opposed to the loan agreement in general, the court can adjudicate it. See Clerk v. First Bank of Del., 735 F.Supp.2d 170, 182 (E.D.Pa. 2010) (citing Harris v. Green Tree Fin. Corp., 183 F.3d at 179); Kaneff v. Delaware Title Loans, Inc., 587 F.3d at 621. In Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F.Supp.2d 474, 488 (E.D.Pa. 2011), the court stated that with respect to substantive unconscionability, the Third Circuit in *Harris* held that "parties to an arbitration agreement need not equally bind each other with respect to an arbitration agreement if they have provided each other with consideration beyond the promise to arbitrate." (quoting Harris v. Green Tree Fin. Corp., 183 F.3d at 180). The court in *Somerset Consulting* then stated that in Salley v. Option One Mortgage Corp., 592 Pa. 323, 925 A.2d 115, 129 (Pa. 2007), the Pennsylvania Supreme Court held that "[u]nder Pennsylvania law, the burden of establishing unconscionability lies with the party seeking to invalidate a contract, including an arbitration agreement, and there is no presumption of unconscionability associated with an arbitration agreement merely on the basis that the agreement reserves judicial remedies associated with foreclosure." Id.

Thus, Green Tree correctly states that "the arbitration clause is not

unenforceable merely because it reserves Green Tree's right to commence foreclosure or pursue self-help remedies. Both the Pennsylvania Supreme Court and Third Circuit have so held." (Doc. 53, at 3) (citing Salley v. Option One Mortgage Corp., 592 Pa. 323, 347, 925 A.2d 115, 129 (Pa. 2007); Harris v. Green Tree Fin. Corp., 183 F.3d 173, 180 (3d Cir. 1999)). In *Harris*, the Third Circuit interpreted the same arbitration clause used by Green Tree in the present case. As mentioned, the *Harris* Court, 183 F.3d at 180, found that an arbitration clause does not have to equally bind each party regarding an arbitration agreement if each party is provided with consideration in addition to the promise to arbitrate. The court in *Harris* also stated that "the mere fact that Green Tree retains the option to litigate some issues in court, while the Harris must arbitrate all claims does not make the arbitration agreement unenforceable." Id. at 183; see also Salley, 592 Pa. at 347, 925 A.2d at 129.

As Green Tree points out, (Doc. 53, at 12), the arbitration clause in the loan agreement at issue provided the Davies with consideration in addition to the promise to arbitrate since Green Tree's predecessor in interest (Conseco) loaned the Davies money to buy their house and the Davies promised to repay the principal amount of the loan with interest. As such, there were business reasons that justified the reservation of foreclosure remedies from arbitration. Thus, under Pennsylvania law, the arbitration clause in this case is not unconscionable because it reserved the right of Green Tree to pursue judicial action to foreclose. *See* Salley, 592 Pa. at 345, 925 A.2d at 129.

19

(Pennsylvania Supreme Court held that the reservation of the judicial remedy of foreclosure was not in itself sufficient to render an arbitration clause unconscionable); Somerset Consulting, 832 F.Supp.2d at 488 (since defendant provided plaintiff with consideration with respect to the arbitration clause, court found it was not substantively unconscionable even though it had a "carve-out of access to the courts for [defendant].").

Nor does the reservation of self-help remedies, in addition to foreclosure rights, by Green Tree render the arbitration clause unenforceable or unconscionable. As Green Tree states, "[e]xcepting self-help remedies from arbitration simply preserves the status quo that would otherwise exist if the parties litigated in court." (Doc. 53, at 14).

Green Tree seeks a stay of these proceedings pending arbitration. Since Green Tree's motion to compel arbitration will be granted, the court will stay the proceedings until the arbitration is complete. The procedure staying litigation pending arbitration is contemplated both by statute, see 9 U.S.C. §3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"), 42 Pa.C.S.A. §7304, and by case law, see, e.g., Lloyd v.

20

HOVENSA, LLC., 369 F.3d 263, 269 (3d Cir. 2004); Philadelphia Hous. Auth. v. Dore & Associates Contracting, Inc., 111 F.Supp.2d 633, 638 (E.D.Pa. 2000); Schantz v. Dodgeland, 830 A.2d 1265 (Pa.Super. 2003). As such, Green Tree's motion to stay will be granted as well.

As a final matter, the Davies indicate in their reply brief in support of their motion to file a second amended complaint that they were waiting for Green Tree to provide them with sufficient proof that no insurance was force-placed on their home since 2006. The Davies state that Green Tree provided them with such proof on April 10, 2015, and that is why they filed their motion regarding their proposed second amended pleading out of time clarifying this issue and eliminating any claim regarding force-placed insurance after 2006. The Davies have shown good cause for their delayed filing and have demonstrated that Green Tree will not be prejudiced by their second amended complaint. However, because Green Tree's motion to compel arbitration and to stay this case will be granted, the Davies' motion to file a second amended complaint will be dismissed without prejudice to re-file after arbitration is complete.

## IV.    CONCLUSION

Based on the foregoing, Green Tree's motion to compel arbitration and stay this case, (Doc. 43), will be granted. The Davies' motion to file a second amended complaint, (Doc. 58), will be dismissed without prejudice to re-file,

if necessary, after arbitration is complete. An appropriate order will be issued.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 18, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1711-01.wpd